Lisa S. Glasser (SBN 223406)
*lglasser@irell.com*
Rebecca Carson (SBN 254104)
*rcarson@irell.com*
**IRELL & MANELLA LLP**
840 Newport Center Drive, Ste. 400
Newport Beach, CA 92660
Telephone: (949) 760-0991
Facsimile: (949) 760-5200

Blair Silver (*pro hac vice* forthcoming)
*bsilver@irell.com*
**IRELL & MANELLA LLP**
750 17th Street NW, Suite 850
Washington, DC 20006
Telephone: (202) 777-6500

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| INTUITIVE SURGICAL, INC., AND INTUITIVE SURGICAL OPERATIONS, INC.<br><br>Plaintiffs,<br><br>v.<br><br>AXCESS INSTRUMENTS IP HOLDING COMPANY,<br>Defendant. | **Case No.** 5:26-cv-13380<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT** |

Plaintiffs Intuitive Surgical, Inc. ("ISI") and Intuitive Surgical Operations, Inc. ("ISO") (collectively, "Intuitive") seek a declaration that Intuitive does not infringe United States Patent No. 11,298,153 (the "'153 patent") as follows:

**NATURE OF THE ACTION**

1. This is an action for a declaratory judgment arising under the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

2. This action arises out of the assertion by Defendant Axcess Instruments IP Holding Company ("Axcess") of patent infringement against Intuitive, including Axcess's filing of a litigation in the Eastern District of Texas accusing Intuitive and several related foreign entities of infringing the '153 patent in *Axcess Instruments IP Holding Co. v. Intuitive Surgical, Inc.*, No. 2:25-cv-00559-JRG-RSP (E.D. Tex.) ("Texas Litigation"). In the Texas Litigation, Axcess provided a single, common infringement chart for each defendant, alleging that the Intuitive SP Access Port Kit infringes claim 1 of the '153 patent. The parties engaged in claim construction briefing and the Court held a *Markman* hearing on September 17, 2026. On September 29, 2026, the Court adopted the Magistrate Judge's recommendation and dismissed the claims against Intuitive without prejudice for lack of venue under 28 U.S.C. § 1400(b). *Id.*, Dkt. 68 (adopting Dkt. 45). Axcess then voluntarily dismissed its remaining claims against the foreign defendants. *Id.*, Dkt. 76. On information and belief, Axcess did so because it knew that, under the Court's preliminary constructions and its own claim construction admissions, the Court's final constructions would establish that Intuitive's SP Axcess Port Kit does not infringe the '153 patent. By dismissing before the Court issued its final claim construction order, Axcess avoided an adverse ruling while purporting to preserve its ability to assert the '153 patent against Intuitive in the future.

3. Intuitive sent several Rule 11 letters to Axcess, including on July 14, 2025 and December 23, 2025. After the *Markman* hearing, on October 6, 2026, Intuitive sent another letter, stating:

> Axcess's decision to continue this lawsuit is inexplicable and exceptional, particularly now that Axcess has now conceded in its *Markman* briefing that the

> claimed "one-piece anchor body" cannot be an assembly of more than one piece and must traverse the body wall. The only component that Axcess identifies as the alleged "one-piece anchor body" (the Short Entry Guide) is indisputably an assembly of more than one piece and does not traverse the body wall.

Axcess persisted in its accusation that the SP Access Port Kit infringes, but refused to provide any explanation other than to state that it "disagree[s]" with Intuitive, stating:

> We have your October 6 letter. We disagree with it, including its characterization of the claim construction record and the accused product, and its contention that this case lacks a basis or that sanctions or fees are warranted.

4. In summary, notwithstanding Axcess's awareness of the lack of any substantive merit to its infringement position, Axcess persists in its accusations against Intuitive. Intuitive therefore seeks a declaratory judgment that it does not infringe the '153 patent.

## THE PARTIES

5. Intuitive Surgical, Inc. is a Delaware corporation with its principal place of business in Sunnyvale, California.

6. Intuitive Surgical Operations, Inc. is a Delaware corporation with its principal place of business in Sunnyvale, California.

7. Intuitive has for more than 25 years been a global technology leader in minimally invasive robotic-assisted surgery, having invested substantial sums into research and development of its surgical platforms. Intuitive's da Vinci® Surgical System (the "da Vinci® System") enables surgeons to operate using minimally invasive instruments inserted through a natural orifice or a few small incisions from a nearby ergonomic console. The da Vinci® System features a magnified 3D HD vision system and tiny, wristed instruments that bend and rotate with much greater dexterity than the human hand. As a result of this technology, the da Vinci® System enables surgeons to operate with enhanced vision, precision, and control. As of the end of 2025, surgeons using da Vinci® systems had performed more than 20 million procedures worldwide.

8. The technology underlying the da Vinci® System originated in telepresence surgery research begun in the late 1980s at SRI International (formerly the Stanford Research Institute),

including work under contract to the U.S. Army. While initial work was funded in the interest of developing a system for remotely performing battlefield surgery, the founders of Intuitive grasped that this technology could revolutionize surgery more generally.

9. Intuitive was founded in 1995, and in 2000, the da Vinci® system became the first robotic surgical system cleared by the FDA for general laparoscopic surgery. In the following years, the FDA cleared the da Vinci® System for thoracoscopic (chest) surgery, and certain cardiac, urologic, gynecologic, pediatric, and transoral otolaryngology procedures. The da Vinci® System has transformed patient care, including through less blood loss, fewer complications, shorter hospital stays, smaller incisions for minimal scarring, and faster recovery and return to daily life.

10. In 2018, Intuitive introduced the da Vinci SP® Surgical System. Compared to Intuitive's multiport systems, which place each instrument through its own port, Intuitive's SP system allows surgeons to perform robotic-assisted surgery through a single incision or natural orifice. The SP system delivers an articulating 3D HD endoscope and three wristed instruments through a single port, using a single-arm patient cart.

11. The SP system's endoscope and instruments use accessories to enter the patient through a single port. First, the SP system may be used with a reusable cannula and a single-use entry guide kit, which supplies an entry guide cannula insert and seal for the cannula. As an alternative to the SP cannula, the SP system may be used with the single-use SP Access Port Kit, which includes a wound protector, an access port, and a short entry guide.

12. Axcess is a corporation organized and existing under the laws of the State of Texas with its principal place of business at 416 Mulberry Street, Tyler, Texas 75702. With respect to its interactions with Intuitive, Axcess acts through its counsel at Garteiser Honea, both of whom are California lawyers who practice in the Northern District of California.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over the claim for declaratory judgment of non-infringement under 28 U.S.C. §§ 1331, 1338(a), and 2201(a).

14. This Court has personal jurisdiction over Axcess because Axcess purposefully directed repeated enforcement activity at both ISI and ISO, residents of the Northern District of

California. Moreover, Axcess's counsel leading the campaign against Intuitive and communications with Intuitive are two California lawyers (Randall Garteiser, SBN 231821; Christopher Honea, SBN 232473). Both Mr. Garteiser and Mr. Honea use San Francisco-based contact information (415 area codes) currently on their website, and represent themselves as focused on Northern District of California litigation:

| Randall Garteiser | Christopher Honea |
| --- | --- |
| Partner | Partner |
| phone: (415) 785-3762 \| fax: (415) 785-3805 | phone: (415) 785-3762 \| fax: (415) 785-3805 |
| email: rgarteiser@ghiplaw.com | email: chonea@ghiplaw.com |

(https://ghiplaw.com/team/randall-garteiser/; https://ghiplaw.com/team/christopher-honea/)

Their law firm's website expressly refers to an "office[] in the SF/Silicon Valley Bay Area":

> We act as counsel to corporations with Intellectual Property disputes in both the United States District Court for the Eastern District of Texas and the Northern District of California. With offices both in the SF/Silicon Valley Bay Area and in Tyler, Texas, we are intimately familiar the Rules of those two courts.

(https://ghiplaw.com/practice-areas/)

During the now-dismissed Texas Litigation, Axcess's lawyers demanded and took discovery of California employees in Sunnyvale, California. Through the above acts and others, Axcess has engaged in sufficient purposeful contacts and business activities directed at California with effects felt in California for personal jurisdiction.

15. Venue is proper in this District under 28 U.S.C. § 1391(b)–(c) because Axcess is subject to personal jurisdiction in this District.

16. An immediate, real, and justiciable controversy exists between Intuitive and Axcess as to whether Intuitive has infringed the '153 patent, as described above. Because this action presents an actual controversy with respect to the '153 patent, the Court may grant declaratory relief sought pursuant to 28 U.S.C. § 2201 *et seq*.

**DIVISIONAL ASSIGNMENT**

17. This action arises under the patent laws of the United States. Therefore, under Civil Local Rule 3-2(c) and General Order No. 44 ¶ D.3, this action is appropriate for district-wide assignment, and venue is proper in any courthouse and division in this district. Intuitive is headquartered in Sunnyvale. Under Civil Local Rule 3-2(d), this action may be properly assigned to the San Jose Division.

**FIRST CLAIM**

**(Declaration of Non-Infringement of the '153 Patent)**

18. Intuitive restates and incorporates by reference the preceding paragraphs as if fully set forth herein.

19. Upon information and belief, Axcess claims to own the '153 patent.

20. The '153 patent claim 1 reads as follows:

| Element | Claim Language |
|---|---|
| 1.pre | 1. An access device for performing minimally invasive surgical procedures on a body, comprising: |
| 1.A. | a one-piece anchor body |
| 1.A.i. | having two parallel surgical instrument passageways extending continuously therethrough from an uppermost surface of the anchor body to a lowermost surface of the anchor body and |
| 1.A.ii | wherein the two parallel surgical instrument passageways are located through the one-piece anchor body and terminate at an entrance aperture on the uppermost surface of the one-piece anchor body and at an exit aperture on the lowermost surface of the one-piece anchor body, and |
| 1.A.iii | wherein the two parallel surgical instrument passageways are dimensioned and configured to facilitate triangulation of two surgical instruments inserted therethrough |

21. The only embodiment of a one-piece anchor body and parallel passageways is shown in Fig. 15:



22. Intuitive has not infringed any claim of the '153 patent at least because the Intuitive's SP Access Port Kit does not include all of the limitations of any claim of the '153 patent.

23. For example, claim 1 of the '153 patent requires "a one-piece anchor body." Axcess's infringement contentions alleged that the SP Short Entry Guide (below left) within the SP Access Port Kit (below, right) is a one-piece anchor body. However, that is clearly not the case, including because the SP Short Entry Guide is an assembly of more than one piece. Moreover, the SP Short Entry Guide is not an "anchor body", including because it does not traverse the body wall and is not anchored to the body. Nor does any other component of the SP Access Port Kit constitute a one-piece anchor body as claimed.





24. As another example, claim 1 of the '153 patent requires "having two parallel surgical instrument passageways extending continuously therethrough from an uppermost surface of the anchor body to a lowermost surface of the anchor body and wherein the two parallel surgical instrument passageways are located through the one-piece anchor body and terminate at an entrance aperture on the uppermost surface of the one-piece anchor body and at an exit aperture on the lowermost surface of the one-piece anchor body." The SP Short Entry Guide has neither feature, as its passageways are not parallel continuously therethrough from an uppermost surface to a lowermost surface. Nor do the passageways "terminate at an entrance aperture on the uppermost surface" and "at an exit aperture on the lowermost surface."

25. In addition, claim 1 of the '153 patent requires "the two parallel surgical instrument passageways are dimensioned and configured to facilitate triangulation of two surgical instruments inserted therethrough." Intuitive's SP Short Entry Guide does not meet this element because the channels are not dimensioned and configured to facilitate triangulation of instruments so as to create a depth of field (3-dimensional vision) for instruments inserted therethrough.

26. A substantial, immediate, and real controversy exists between Intuitive and Axcess regarding whether Intuitive infringes the '153 patent. A judicial declaration is necessary to determine the parties' respective rights regarding the '153 patent.

27. Intuitive seeks a judgment declaring that Intuitive does not infringe the '153 patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Axcess as follows:

(a) Declare that Intuitive does not infringe the '153 patent;

(b) Declare that judgment be entered in favor of Intuitive and against Axcess;

(c) Find that this is an exceptional case under 35 U.S.C. § 285; and

(d) Award Intuitive its costs, expenses, and reasonable attorneys' fees under 35 U.S.C. §285 and all other applicable statutes and rules in common law that would be appropriate, with pre- and post-judgment interest thereon;

Dated: November 6, 2026

Respectfully submitted,

By: /s/ *Lisa S. Glasser*

Lisa S. Glasser (SBN 223406)
lglasser@irell.com
Rebecca Carson (SBN 254104)
rcarson@irell.com
IRELL & MANELLA LLP
840 Newport Center Drive, Ste. 400
Newport Beach, CA 92660
Telephone: (949) 760-0991
Facsimile: (949) 760-5200

Blair Silver (*pro hac vice* forthcoming)
bsilver@irell.com
IRELL & MANELLA LLP
750 17th Street NW, Suite 850
Washington, DC 20006
Telephone: (202) 777-6500

**COUNSEL FOR PLAINTIFFS**